**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| ROBERT WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1236 |
| | ) | |
| MATTHEW SWEARINGTON, | ) | |
| *Asst. States Attorney* | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Now before the Court is Plaintiff Robert Wesley's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis*. (ECF No. 2). For the reasons stated below, Plaintiff's motion is DENIED.

## BACKGROUND AND ANALYSIS

On July 10, 2019, Plaintiff filed a Complaint against Defendant Matthew Swearington ("Defendant") and alleged "fraud upon the court" under 42 U.S.C. § 1983. (ECF No. 1 at 1, 5). Specifically, Plaintiff alleged that Defendant committed fraud on several occasions from April 29, 2018 to July 4, 2019 by intentionally and willfully lying to a state court that Plaintiff had a prior conviction for retail theft. (ECF No. 1 at 5). As a result of that alleged fraud, Plaintiff states that he was sentenced for a felony. *Id.*

On the same date, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Plaintiff omitted answering questions 1 – 3, and 8 on the application. *Id.* at 1. Plaintiff indicated he has no income or savings, but does have monthly expenses related to "housing, cell phone, and transportation," along with three individuals who depend on him for support. *Id.* at 2.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As a result, it allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." § 1915(a). Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." § 1915(d). A claim is frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, Plaintiff's application is incomplete. While Plaintiff did not indicate whether he was incarcerated at this time, the Court will assume he is not since the address provided is a residential home. Plaintiff failed to answer question no. 2 and identify if he is employed, and if so, what his wages are. Plaintiff also did not check any boxes indicating whether he has any income from different sources in response to question no. 3. Plaintiff stated that the amount of money he has in cash, or a checking, or a savings account is $0, but even so, he has monthly expenses for housing, cell phone, and transportation, along with three dependents. Plaintiff did not state how he pays for these obligations. Lastly, Plaintiff failed to answer question no. 8 regarding debts. Due to the incompleteness of the affidavit, the Court is unable to determine if Plaintiff meets the statutory poverty requirement under § 1915(a).

Despite these deficiencies, the Court is still authorized to dismiss the case if it is frivolous because Plaintiff "can make no rational argument in law or fact to support [his] claims for relief."

*Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). In this matter, the Court finds that Plaintiff's Complaint is frivolous.

The Court is at liberty to take judicial notice of the Plaintiff's underlying state court criminal proceedings. *Brokaw v. Weaver*, 305 F. 3d 660, 668 (7th Cir. 2002). In the case at bar, the Court has taken judicial notice of several underlying criminal proceedings from the Peoria County Circuit Court that occurred prior to the date alleged in Plaintiff's Complaint. Plaintiff was sentenced to jail in many of these proceedings. Those cases include: *State v. Wesley,* No. 97-CF-106; *State v. Wesley,* No. 07-CM-2802; *State v. Wesley,* No. 08-CM-176*; State v. Wesley,* No. 11-CF-287; and *State v. Wesley,* No. 12-CF-618. Clearly, Plaintiff has a history of prior convictions.

On or about April 29, 2019, Plaintiff was charged with the felony crime of retail theft pursuant to 720 ILCS 5/16-25(a)(1). While his previous convictions were not for retail theft, they were for other felonies, including murder pursuant to 720 ILCS 5/9-1(a)(3), armed robbery pursuant to 720 ILCS 5/18-2(a), aggravated battery with a firearm pursuant to 720 ILCS 5/12-4.2(a)(1), aggravated driving while under the influence of alcohol pursuant to 625 ILCS 5/11-501(a), and criminal sexual abuse pursuant to 720 ILCS 5/11-1.50(a)(1). Presumably, Defendant was referring to these prior convictions. Moreover, whether he had been previously charged with retail theft had no bearing on sentencing him for a felony, because under 720 ILCS 5/16-25(a)(1), that crime is a class 4 felony.

Accordingly, Plaintiff's action is considered frivolous as there is no arguable basis for relief either in law or fact. *See Neitzke,* 490 U.S. at 325.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] is DENIED and his Complaint [1] is DISMISSED. This matter is hereby TERMINATED.

ENTERED this 16th day of July, 2019.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge